**IN THE UNITED STATES DISTRICT COURT IN AND FOR THE DISTRICT OF UTAH, NORTHERN DIVISION**

| | |
|---|---|
| RACHAEL COOKSON,<br><br>Plaintiff,<br><br>vs.<br><br>BREEZE AVIATION GROUP INC., a Utah Corporation,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART ECF 28 AND 30 AND DENYING ECF 39.**<br><br>Case No. 1:25-cv-00070-JNP-CMR<br><br>Chief District Judge Jill Parrish<br><br>Chief Magistrate Judge Cecilia M. Romero |

This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) (ECF 14). Before the court are two discovery motions: (1) Plaintiff Rachael Cookson's (Plaintiff) Discovery Motion (ECF 28) requesting that the court enter a protective order to permit Plaintiff to attend her deposition via Zoom video (*id*. at 3); and (2) Defendant Breeze Aviation Group Inc.'s (Defendant) Discovery Motion (ECF 30) requesting an order compelling Plaintiff to appear in person for her deposition (*id*. at 1). Also before the court is the parties' recently filed July 13, 2026, Stipulated Motion for Amended Scheduling Order (ECF 39).

Having considered the above Motions and the responses thereto (ECF 35 and 36), the court finds that oral argument is not necessary and decides this matter on the written memoranda. *See* DUCivR 7-1(g). For the reasons set forth below, the court, having carefully considered the parties' relevant filings and case law, enters the following Memorandum Decision and Order.

## I.    BACKGROUND

Plaintiff has brought this action for violations of the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq*. (FMLA), and the Americans with Disabilities Act of 1990, 42 U.S.C. §

12101 *et seq*. (ADA) (ECF 2 at 1 ¶ 1). Although Plaintiff brought this action in Utah, she currently resides in Pennsylvania (ECF 28 at 2). According to Defendant, it noticed an in-person deposition of Plaintiff to take place in Salt Lake City, Utah (ECF 30 at 1). Plaintiff has requested that her deposition be conducted remotely due to the alleged medical burden of traveling from Pennsylvania to Utah (ECF 28 at 3). In support, Plaintiff filed a letter from her chiropractor (ECF 28-1). Defendant opposes the remote deposition, arguing, among other things, that it would be prejudiced by a remote deposition and that, in the alternative, Plaintiff pay its costs associated with traveling to Pennsylvania to conduct the deposition (ECF 30 at 1–2).

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 26 provides the "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26. "[T]he party seeking protection bears the burden of showing good cause for its issuance." *Adams v. Sunbeam Products*, 2003 U.S. Dist. LEXIS 27354, at *14 (D. Kan. Sept. 9, 2003).

Additionally, Rule 30(b)(4) permits the court to order that a deposition be taken by remote means. Fed. R. Civ. P. 30(b)(4). "'[W]hether to permit a remote deposition is a heavily fact dependent inquiry,' and courts have 'substantial discretion' to determine the manner of deposition." *Cordero v. Olson Assocs. P.C.*, No. 2:23-cv-00756-JNP-DAO, ECF No. 73, at 17–18 (D. Utah May 13, 2025) (quoting *Quarrie v. Wells*, No. CV 17-350 MV/GBW, 2020 WL 4934280, at *3 (D.N.M. Aug. 24, 2020)). This court has recognized that remote depositions have disadvantages, including limitations on counsel's ability to assess the witness's demeanor and credibility, particularly where the deponent is a named party and key witness. *See id*. (denying plaintiff's request for a remote deposition where plaintiff was "both the instigator of th[e] suit and

a key witness" whose credibility was at issue, and recognizing the "limitations on counsel's ability to assess demeanor and credibility" in remote depositions); *Grant v. W. Governors Univ.*, No. 2:25-cv-00631-DAK-DBP, ECF No. 29, at 3–4 (D. Utah Oct. 30, 2025) (denying plaintiff's request for a remote deposition where plaintiff was a named party, actively involved in the case, and seeking substantial damages, and finding defendant would be prejudiced if unable to observe plaintiff's demeanor and assess credibility in person). This court has also found that where the deponent is the plaintiff, deposition in the forum is generally appropriate because the plaintiff selected that forum. *O'Neil v. Burton Group*, No. 2:09-CV-862 DBP, 2012 WL 5523819, at *2 (D. Utah Nov. 14, 2012) (citing *Shockey v. Huhtamaki, Inc.,* 280 F.R.D. 598, 600 (D. Kan. 2012)).

## III.    DISCUSSION

The court is cognizant of Plaintiff's medical condition and does not discount the burden associated with travel. But Plaintiff's showing does not warrant requiring Defendant to conduct the deposition remotely. As indicated above, courts have recognized that remote depositions have disadvantages, including limitations on counsel's ability to assess the witness's demeanor and credibility, particularly where the deponent is a named party and key witness. Those concerns are present here. Plaintiff initiated this action in Utah and placed her testimony, claimed damages, and credibility at issue. Defendant is entitled to a fair opportunity to examine Plaintiff in person, observe her demeanor, and assess her credibility. The court, therefore, does not find good cause to require Defendant to conduct Plaintiff's deposition remotely.

At the same time, the court finds it appropriate to accommodate Plaintiff's medical condition by not requiring her to travel to Utah for the deposition. If Plaintiff wishes to avoid traveling to Utah and instead be deposed in person in Pennsylvania, Plaintiff must pay the travel expenses for one attorney for Defendant to travel to Pennsylvania for the deposition. This

allocation is appropriate because Plaintiff chose to file this action in Utah, and Defendant should not bear the additional expense created by conducting Plaintiff's deposition outside the forum selected by Plaintiff. *See InMoment, Inc. v. Mkt. & Op. Research Intl. Ltd.*, No. 2:21-CV-00513, 2022 WL 1568894, at *3 (D. Utah May 18, 2022) (finding that deposition travel costs "are a routine feature of civil litigation"); *Dubuc v. Cox Commc'ns Kan.*, L.L.C., No. 21-2041-EFM-JPO, 2021 WL 4050855, at *2–3 (D. Kan. Sept. 5, 2021) (denying plaintiff's request for remote deposition and requiring plaintiff to either appear in the forum or pay the travel expenses for one of the defendant's two lawyers to travel to plaintiff's location for an in-person deposition); *Rohan v. Simon Prop. Grp., Inc.*, No. 24-cv-04042 (SJB)(JMW), ECF No. 16, at 5–6 (E.D.N.Y. Mar. 22, 2025) (denying plaintiff's request for remote deposition and permitting an in-person deposition outside the forum only if plaintiff bore defendant's travel costs).

## IV.   ORDER

For the reasons stated above, the court HEREBY ORDERS as follows:

1. Plaintiff is not permitted to have her deposition conducted remotely.

2. Within 30 days of the date of this Order, Plaintiff must either appear for an in-person deposition in Utah or appear for an in- person deposition in Pennsylvania.

3. If Plaintiff elects to be deposed in Pennsylvania, Plaintiff shall pay the reasonable airline, airport parking, lodging, taxi, and meal expenses for one of Defendant's lawyers to travel from Salt Lake City to Pennsylvania for the deposition.

4. In light of this ruling, the parties' Stipulated Motion for Scheduling Order (ECF 39) is DENIED AS MOOT.

5. Within five days of this Order, the parties must meet and confer regarding the date of Plaintiff's deposition to be conducted within 30 days of this Order, and must submit a new

proposed scheduling order consistent with this Order no later than July 28, 2026.

DATED this 17 July 2026.

_____
Chief Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah